IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JASON ASSAD,<br><br>                Petitioner,<br><br>    v.<br><br>TODD WASMER, Warden of Tecumseh Correctional Institution, and SCOTT R. FRAKES, Director of the Nebraska Department of Correctional Services,<br><br>                Respondents. | 4:20CV3070<br><br>**MEMORANDUM AND ORDER** |

    This matter is before the Court on petitioner Jason Assad's ("Assad") Petition for a Writ of Habeas Corpus ("petition") under 28 U.S.C. § 2254 (Filing No. 1). Assad, an inmate at the Tecumseh State Correctional Institution ("Tecumseh"), within the Nebraska Department of Correctional Services ("NDCS"), "seeks a conditional writ of habeas corpus in which he can only be released if the State of Nebraska refuse[s] to permit a direct appeal." Respondents Todd Wasmer, Warden at Tecumseh, and Scott R. Frakes, Director of the NDCS (collectively, "State"), urge the Court to dismiss Assad's petition with prejudice. For the reasons stated below, Assad's petition is denied, and this case is dismissed with prejudice.

**I.    BACKGROUND**
    **A.    Facts**[1]
    At about 8:00 a.m. on September 14, 2014, a man called the Sydney, Nebraska, Police Department to report he heard an unknown woman scream from the direction of the

---

[1] The facts in this case are not in dispute. The Court's recitation of the facts is primarily drawn from Assad's petition and supporting brief (Filing No. 13) and the Nebraska Supreme Court's opinion in *State v. Assad*, 938 N.W.2d 297 (Neb. 2020).

El Palomino Motel ("motel") in Sydney. At the time, Assad and his wife owned and lived at the motel.

An officer arrived at the scene a few minutes later, spoke with the witness, and attempted to make contact with someone at the motel. He knocked on three room doors, rang the buzzer at the motel office, and called the phone number listed on the front door. When no one answered, he obtained a search warrant.

About four hours after the initial call, the police executed the warrant and performed a "welfare check" at Assad's residence at the motel. They found his wife in a back bedroom with injuries to her face and head. An officer escorted her from the motel and took her to a nearby ambulance.

Assad was also there, yelling profanities. An officer patted him down and found a syringe in his pocket. He was taken into custody. The police then obtained additional search warrants pursuant to which they seized some evidence of drug use and a surveillance video from inside the motel room. Further investigation also revealed Assad, a convicted felon, unlawfully possessed a knife and rifle in the room that morning.

Ultimately, Assad was charged with (1) possession of a knife by a prohibited person; (2) first-degree false imprisonment; (3) terroristic threats; (4) use of a knife to commit a felony; and (5) possession of a firearm by a prohibited person. The prosecutor also alleged Assad should be sentenced as an habitual criminal based on two prior felony convictions.

Before trial, Assad, through appointed counsel, filed several motions to suppress the evidence the police obtained pursuant to three separate search warrants, arguing the evidence was obtained in violation of his rights under the United States and Nebraska constitutions. After several evidentiary hearings, the district court denied all of Assad's suppression motions.

Although the contested evidence played a key role in Assad's trial, Assad's counsel failed to renew his evidentiary objections at trial. Under Nebraska law, a criminal "defendant must object at trial to admission of the evidence which was the subject of the suppression motion in order to preserve an appellate question concerning admissibility of that evidence." *State v. Cody*, 539 N.W.2d 18, 24 (Neb. 1995).

On April 17, 2015, the jury found Assad guilty on all five counts. The district court denied his motion for a new trial. After an enhancement hearing on May 29, 2015, the district court determined Assad was an habitual criminal. *See* Neb. Rev. Stat. § 29-2221. He received an aggregate sentence of 35 to 60 years in prison.

### B. Postconviction Procedural History

Assad obtained new counsel for his appeal. His appellate counsel's opening brief was forty pages long and contained two assignments of error—that the district court erred in (1) denying his motions to suppress and (2) deciding that the evidence obtained after the first illegal search was not "fruit of the poisonous tree" under *Wong Sun v. United States*, 371 U.S. 471, 488 (1963).

On December 16, 2015, the State moved for summary affirmance, pointing out that Assad's trial counsel failed to preserve his evidentiary issues for appeal because he did not object to the admission of the evidence at trial. In response, Assad moved for leave to file a revised brief that would address that issue by adding a third assignment of error that "any failure by Assad's trial counsel to object to the admission of such evidence at trial constituted ineffective assistance of counsel."

The Nebraska Court of Appeals ("Court of Appeals") denied Assad's motion for leave and sustained the State's motion for summary affirmance, ostensibly finding that trial counsel's failure to object was fatal to Assad's appeal. Assad sought further review from the Nebraska Supreme Court, which was denied.

On March 27, 2017, Assad—again with new counsel—timely filed a verified motion for postconviction relief. He sought relief on six grounds, including a "layered" claim that his trial counsel was ineffective for failing to object at trial and preserve his appeal of the denial of his suppression motions and that his appellate counsel was ineffective for failing to raise ineffective assistance of trial counsel in her opening brief. Assad argued his counsel's errors denied him his constitutional right to appellate review and the only effective remedy would be to grant him a new direct appeal. According to Assad, under Nebraska law, if he received a new direct appeal because his appellate counsel was ineffective, he could raise all of the issues presented in his motion for postconviction relief.

On the State's motion to dismiss, the district court denied Assad's motion without an evidentiary hearing. Rejecting Assad's assertion that he was entitled to a new direct appeal, the district court concluded his claims were subject to review under the familiar two-part test articulated in *Strickland v. Washington*, 466 U.S. 668, 694 (1984). To establish ineffective assistance of counsel under *Strickland*, a defendant must show his counsel's representation was both deficient and prejudicial. *Id.* at 687-88. The district court concluded Assad could not show prejudice because the arguments he wanted his appellate counsel to raise lacked merit. In particular, the district court found Assad's motions to suppress were properly denied and the evidence derived from the search warrants was properly admitted at trial.

On November 17, 2017, Assad appealed. *See State v. Assad*, No. A-17-1193, 2019 WL 951169, at *2-3 (Neb. Ct. App. Feb. 26, 2019). Assad argued, in part, that the district court erred in denying his "layered" ineffective-assistance-of-counsel claim by requiring him to prove prejudice. In Assad's view, the district court should have presumed prejudice and granted him a new appeal because his appellate counsel's mistakes resulted in a summary affirmance without any review of the merits.

The Court of Appeals affirmed, concluding (1) Assad did not specifically argue most of his ineffective-assistance-of-counsel claims as required under Nebraska law and (2) "[a]ny error with respect to the denial of his [constitutional] right to a direct appeal was not assigned as error." *Id.* at *3. The Court of Appeals did not consider those issues Assad did not specifically assign or argue and denied his last claim on the merits. *Id.* at *3-4.

Assad again petitioned for further review. *See Assad*, 938 N.W.2d at 301. He assigned one error—"that the Court of Appeals erred by affirming the district court's dismissal of his ineffective assistance of appellate counsel claim." *Id.* He again argued he was "entitled to a presumption of prejudice and a new direct appeal." *Id.*

The Nebraska Supreme Court granted the petition and ordered supplemental briefing "addressing whether, under the circumstances, Assad was required to demonstrate prejudice under *Strickland* or whether this is a case in which prejudice is presumed." *Id.* After carefully reviewing the governing legal standards and the parties' respective arguments, the Nebraska Supreme Court concluded "Assad was required to demonstrate prejudice under *Strickland* and that he failed to do so." *Id.* at 306.

On June 16, 2020, Assad filed this petition for a writ of habeas corpus under 28 U.S.C. § 2254(a). That statute permits a state prisoner like Assad to petition a federal court for a writ of habeas corpus if he alleges "he is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* Assad asserts just one ground for relief:

> PETITIONER HAS BEEN DENIED HIS CONSTITUTIONAL RIGHT TO ONE DIRECT APPEAL OF HIS CONVICTION UNDER Neb. Rev. Stat. § 25-1912 IN WHICH "PREJUDICE" SHOULD BE PRESUMED BECAUSE THE ERRORS BY APPELLATE COUNSEL TOTALLY PREVENTED PETITIONER FROM OBTAINING ANY REVIEW OF HIS CONVICTION ON ANY MERITS IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS AND THE DECISION IN *Douglas v. California*, 372 U.S. 353 (1963) AND *Evitts v Lucey*, 469 U.S. 387, 105 S. Ct. 830 (1985) AND THEIR PROGENY.

The State opposes Assad's petition on the merits but does not deny that his petition is timely, *see* 28 U.S.C. § 2244(d)(1), and that he has exhausted all available state-court remedies, *see id.* § 2254(b)(1)(A); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004).

## II.  DISCUSSION
### A.  Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. 104–132, 110 Stat. 1214 (1996), governs the Court's review of Assad's habeas petition. *See Franklin v. Hawley*, 879 F.3d 307, 310 (8th Cir. 2018). "AEDPA sharply limits the circumstances in which a federal court may issue a writ of habeas corpus to a state prisoner whose claim was 'adjudicated on the merits in State court proceedings.'" *Johnson v. Williams*, 568 U.S. 289, 298 (2013) (quoting 28 U.S.C. § 2254(d)); *accord Burt v. Titlow*, 571 U.S. 12, 15-16 (2013) ("Recognizing the duty and ability of our state-court colleagues to adjudicate claims of constitutional wrong, AEDPA erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court.").

Under AEDPA's "highly deferential standard for evaluating state-court rulings," *Lindh v. Murphy*, 521 U.S. 320, 333 n.7 (1997), the Court can only grant Assad's petition if the Nebraska Supreme Court's adjudication of his claim

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see also Bell v. Cone*, 535 U.S. 685, 693 (2002) (explaining AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law"). Assad argues "he should be granted a new direct appeal under 28 U.S.C. § 2254(d)(1)."

6

The phrase "clearly established Federal law, as determined by the Supreme Court of the United States" as used in § 2254(d)(1) "refers to the holdings, as opposed to the dicta, of th[e] [Supreme] Court's decisions as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000). A state-court decision is "contrary to" clearly established Supreme Court precedent if "the state court applies a rule different from the governing law set forth in [the Supreme Court's] cases, or if it decides a case differently than [the Supreme Court has] on a set of materially indistinguishable facts." *Bell*, 535 U.S. at 694.

A state court's application of the Supreme Court's clearly established precedent is "unreasonable" if it "identifies the correct governing legal principle from th[e] [Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 413. An unreasonable application of the Supreme Court's "holdings must be 'objectively unreasonable,' not merely wrong; even 'clear error' will not suffice." *White v. Woodall*, 572 U.S. 415, 419 (2014) (quoting *Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003)); *accord Williams*, 529 U.S. at 411 ("[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.").

This standard is—as Congress intended—"difficult to meet." *Sexton v. Beaudreaux*, 585 U.S. ___, ___, 138 S. Ct. 2555, 2558 (2018) (per curiam) (quoting *Harrington v. Richter*, 562 U.S. 86, 102 (2011)). It demands the Court give the Nebraska Supreme Court's decision "the benefit of the doubt." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (quoting *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam)). The Court "will not lightly conclude that a State's criminal justice system has experienced the 'extreme malfunctio[n]' for which federal habeas relief is the remedy." *Burt*, 571 U.S. at 20 (alteration in original) (quoting *Harrington*, 562 U.S. at 102).

7

B. **Presumption of Prejudice**

Assad argues "[t]he applicable Supreme Court and Eighth Circuit[2] authorities hold that a 'presumption of prejudice' applies when the actions of appellate counsel actually or constructively denies [sic] an inmate state court consideration of the merits on direct appeal." In support, he relies on *Roe v. Flores-Ortega*, 528 U.S. 470, 483 (2000), an "unusual" case in which "counsel's alleged deficient performance arguably led not to a judicial proceeding of disputed reliability, but rather to the forfeiture of a proceeding itself." More specifically, the criminal defendant in *Flores-Ortega* alleged his counsel was constitutionally ineffective for failing "to file a notice of appeal on his behalf after promising to do so." *Id.* at 474.

In *Flores-Ortega*, the Supreme Court highlighted the distinction between "cases involving mere 'attorney error,'" in which a defendant must show prejudice under *Strickland*, and cases in which he "alleges not that counsel made specific errors in the course of representation, but rather that during the judicial proceeding he was—either actually or constructively—denied the assistance of counsel altogether." *Id.* at 482-83.

The Supreme Court noted that in *United States v. Cronic*, 466 U.S. 648, 659 (1984), *Penson v. Ohio*, 488 U.S. 75, 88-89 (1988), and *Smith v. Robbins*, 528 U.S. 259, 286 (2000), it "held that the complete denial of counsel during a critical stage of a judicial

---

[2]Assad's heavy reliance on Eighth Circuit authority is misplaced. He even goes so far as to suggest the Eighth Circuit's opinion in *Hendricks v. Lock*, 238 F.3d 985 (8th Cir. 2001), is binding on the Nebraska Supreme Court "[u]nder principles of *vertical stare decisis*" because it "has not been overruled and is consistent with the cited United States Supreme Court authorities in [his] brief." While the decision in *Hendricks* may be relevant in determining reasonableness under § 2254, it neither constitutes "clearly established Federal law, as determined by the Supreme Court" nor binds the Nebraska Supreme Court. *See, e.g.*, *Williams*, 529 U.S. at 381 ("If this Court has not broken sufficient legal ground to establish an asked-for constitutional principle, the lower federal courts cannot themselves establish such a principle with clarity sufficient to satisfy the AEDPA bar."); *Marshall v. Rodgers*, 569 U.S. 58, 64 (2013) (per curiam) (rejecting "the mistaken belief that circuit precedent may be used to refine or sharpen a general principle of Supreme Court jurisprudence into a specific legal rule that this Court has not announced"); *Harrington*, 562 U.S. at 102-03 (recognizing the significance of state sovereignty under AEDPA).

proceeding mandates a presumption of prejudice because 'the adversary process itself' has been rendered 'presumptively unreliable.'" *Flores-Ortega*, 528 U.S. at 483; *accord Strickland*, 466 U.S. at 692 ("Actual or constructive denial of the assistance of counsel altogether is legally presumed to result in prejudice."). "Drawing on that line of cases," the Supreme Court held in *Flores-Ortega* "that when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal." 528 U.S. at 484.

Assad maintains that is what happened in his case—his appellate counsel's failure to raise his trial counsel's ineffective assistance caused him to lose his direct appeal on summary dismissal. In Assad's view, although *Strickland*'s prejudice requirement normally applies to the errors appellate counsel makes regarding "which issues to raise on appeal," the error his appellate counsel made in this case was "sufficiently egregious to presume prejudice."

Assad says his case is like *Hendricks v. Lock*, 238 F.3d 985, 986 (8th Cir. 2001), in which the Eighth Circuit upheld the district court's determination "that the insufficient performance of appellate counsel had in effect denied [the defendant] his first appeal of right in the state courts." In *Hendricks*, the defendant appealed his conviction but "[h]is appeal was rejected without a decision on the merits" because his arguments were "'completely undeveloped,'" "'unsupported by any reasoning,'" and "'provided nothing for meaningful review.'" *Id.* (quoting *State v. Hendricks*, 944 S.W.2d 208, 210 (Mo. 1997) (en banc)).

When the Missouri Supreme Court summarily denied his motion to recall the mandate, the defendant filed a § 2254 motion in the United States District Court for the District of Missouri. *Id.* The district court granted the motion, concluding the "case fell within an exception to [*Strickland*'s prejudice prong] for defendants who are, actually or

9

constructively, altogether denied the assistance of counsel in a proceeding where a constitutional right to it exists." *Id.* at 987.

The respondent appealed, and the Eighth Circuit affirmed. *Id.* at 986. In doing so, the Eighth Circuit—at the respondent's request—assumed the Missouri Supreme Court had implicitly decided on the merits that the defendant failed to show prejudice under *Strickland*. *Id.* at 987. The Eighth Circuit nonetheless concluded "it would be unreasonable to hold that" the defendant "was not prejudiced by his counsel's delinquency," which effectively deprived him of an appeal that "passed constitutional muster." *Id.* at 988.

In response to the respondent "point[ing] out that the Supreme Court has distinguished the complete denial of appellate counsel, which would justify a presumption of *Strickland* prejudice, from 'a case in which counsel fails to press a particular argument on appeal . . . or fails to argue an issue as effectively as he or she might,'" the Eighth Circuit found the defendant's "case [wa]s not so easily distinguishable from one that involves a complete denial of counsel." *Id.* at 988-89 (quoting *Penson*, 488 U.S. at 88). Because his counsel's ineffective assistance "altogether denied [the defendant] a decision on the merits in his first appeal of right," the Eighth Circuit affirmed the grant of habeas relief. *Id.* at 989. Assad seeks the same result in this case.

The Nebraska Supreme Court carefully considered Assad's arguments but found he did not meet the high bar for a presumption of prejudice under *Strickland*, *Cronic*, and their progeny because his counsel's failure was not "complete" or "extreme." *Assad*, 938 N.W.2d at 302. In reaching that conclusion, the Nebraska Supreme Court rejected Assad's assertion that his case was directly controlled by *Flores-Ortega* and *Garza v. Idaho*, 586 U.S. ___, ___, 139 S. Ct. 738, 746-47 (2019) (deciding "*Flores-Ortega*'s presumption of prejudice applies despite an appeal waiver). It concluded Assad was "not denied a direct appeal entirely" because his counsel did file an appeal, "[a]nd although the Court of

10

Appeals resolved the appeal summarily, it considered the issues raised on appeal and affirmed the convictions rather than dismissing the appeal." *Assad*, 938 N.W.2d at 303.

Turning to Assad's argument that prejudice should be presumed because he "effectively received no direct appeal," the Nebraska Supreme Court observed the absence of any U.S. Supreme Court decision characterizing circumstances like Assad's "as equivalent to the complete denial of an appeal." *Id.* In particular, the Nebraska Supreme Court noted "Assad's counsel filed a 40-page brief, which assigned multiple errors," attempted "to raise additional assignments of error," and petitioned for further review.

In the Nebraska Supreme Court's view, Assad's case did not warrant a presumption of prejudice because his counsel's mistake was more like those cases involving the "mere ineffective assistance of counsel" or the failure to raise particular issues or "arguments on appeal than those cases involving the "denial of counsel altogether on appeal." *Id.* at 303-04 (first quoting *Robbins*, 528 U.S. at 286, then citing *Penson*, 488 U.S. at 88, and then citing *Bell*, 535 U.S. at 697). Accordingly, it concluded Assad's counsel's "alleged error—raising some issues rather than others—[wa]s subject to the usual *Strickland* requirements rather than the presumed prejudice exception." *Id.* at 304.

With respect to Assad's reliance on *Hendricks*, the Nebraska Supreme Court opined the case "actually support[ed] [its] determination that prejudice should not be presumed" in Assad's case. *Id.* at 305. It reasoned that Assad's counsel did not fail to provide argument to support the issues she raised on appeal like defense counsel in *Hendricks*; she failed "to assert particular issues on appeal," which would not justify a presumption of prejudice under *Hendricks*. *Id.*

Assad strongly disagrees with the Nebraska Supreme Court's interpretation and application of U.S. Supreme Court precedent. He is adamant he was denied his right to a direct appeal by his appellate counsel's errors and lays out the reasons he thinks the

11

Nebraska Supreme Court's decision is wrong. But this is a habeas case, and that is not the question for this Court. *See White*, 572 U.S. at 419.

The question for this Court under § 2254(d)(1) is whether the Nebraska Supreme Court's decision that the presumption of prejudice does not apply "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." *See also Williams v. Roper*, 695 F.3d 825, 831-32 (8th Cir. 2012) (explaining that absent an obvious misapplication of relevant Supreme Court precedent, "the proper question is whether there is" a reasonable argument that the state-court decision is consistent with that precedent). To prevail, Assad must show the Nebraska Supreme Court's decision was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington*, 562 U.S. at 103. He has not done that.

The Nebraska Supreme Court's decision is not contrary to a holding of the U.S. Supreme Court on "materially indistinguishable facts." *Bell*, 535 U.S. at 694; *see also Woods v. Donald*, 575 U.S. 312, 317 (2015) (per curiam) ("[I]f the circumstances of a case are only similar to our precedents, then the state court's decision is not contrary to the holdings in those cases.") (internal quotation marks omitted). And Assad does not deny the Nebraska Supreme Court identified and analyzed the relevant U.S. Supreme Court precedent and recognized the pertinent distinction between the "denial of counsel altogether on appeal, which warrants a presumption of prejudice, [and] mere ineffective assistance of counsel on appeal, which does not." *Robbins*, 528 U.S. at 286.

Indeed, Assad never really argues in his brief that the Nebraska Supreme Court's application of those presumption principles is "objectively unreasonable" or otherwise beyond the pale. *Lockyer*, 538 U.S. at 75. His argument boils down to his assertion that

12

the Nebraska Supreme Court misapplied those general principles to the unique facts of his case.

But "it is not 'an unreasonable application of' 'clearly established Federal law' for a state court to decline to apply a specific legal rule that has not been squarely established by th[e] [Supreme] Court." *Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009). "Section 2254(d)(1) provides a remedy for instances in which a state court unreasonably applies th[e] [Supreme] Court's precedent; it does not require state courts to extend that precedent or license federal courts to treat the failure to do so as error." *White*, 572 U.S. at 426 ("'[I]f a habeas court must extend a rationale before it can apply to the facts at hand,' then by definition the rationale was not 'clearly established at the time of the state-court decision.'" (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 666 (2004))). "[W]here the 'precise contours' of the right remain 'unclear,' state courts enjoy 'broad discretion' in their adjudication of a prisoner's claims." *Id.* at 424 (quoting *Lockyer*, 538 U.S. at 76); *accord Yarborough*, 541 U.S. at 664 ("The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations.").

Based on these principles, the Court concludes Assad has not shown he is entitled to relief under § 2254(d)(1). If nothing else, fairminded jurists could disagree as to whether his appellate counsel's mistakes constructively denied Assad a direct appeal. *See Harrington*, 562 U.S. at 103.

### C. No Certificate of Appealability

"[A] state prisoner seeking a writ of habeas corpus" under § 2254 cannot appeal the denial of his petition without first obtaining a certificate of appealability. *Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003) (citing 28 U.S.C. § 2253); Fed. R. App. P. 22(b). This Court cannot grant such a certificate unless Assad "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To do that, Assad "must demonstrate that reasonable jurists would find [this] [C]ourt's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Because Assad has not made that showing, the Court will not issue a certificate of appealability.

### III. CONCLUSION

Assad's claim of ineffective assistance of appellate counsel presents a difficult issue of constitutional law. The Nebraska Supreme Court carefully examined that issue and concluded the usual *Strickland* standard applied and Assad failed to prove prejudice. Regardless of whether that conclusion "was *correct*, it was clearly not *unreasonable*." *Renico v. Lett*, 559 U.S. 766, 779 (2010). "AEDPA prevents defendants—and federal courts—from using federal habeas corpus review as a vehicle to second-guess the reasonable decisions of state courts." *Id.* Accordingly,

IT IS ORDERED:
1. Petitioner Jason Assad's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (Filing No. 1) is denied.
2. This case is dismissed with prejudice.
3. No certificate of appealability will issue.
4. A separate judgment will be entered in this case.

Dated this 26th day of October 2020.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge